Li v. Holder

BIA
A073 169 701

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> PETER W. HALL,
> *Circuit Judges.*

_____

YUE PING LI,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-655-ag
NAC

_____

FOR PETITIONER:        Zhijun Liu, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
John S. Hogan, Senior Litigation
Counsel; David H. Wetmore, Trial
Attorney, Office of Immigration
Litigation, United States Department of
Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED IN PART and DISMISSED IN PART.

Petitioner Yue Ping Li, a native and citizen of China, seeks review of a December 31, 2009 decision of the BIA denying her motion to reopen. *In re Yue Ping Li,* No. A073 169 701 (B.I.A. Dec. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to consider Li's challenges to the IJ's denial of asylum and withholding of deportation because she has not timely petitioned for review of that decision. *See Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). Accordingly, only the BIA's denial of reopening, which is subject to a deferential abuse of discretion review, is properly before us. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

It is undisputed that Li's 2009 motion to reopen was untimely because the BIA's order of deportation became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R.

§ 1003.2(c)(2). Although Li argues that the BIA should have equitably tolled the time for filing her motion to reopen because of ineffective assistance of her former counsel, she does not dispute the BIA's determination that she failed to exercise due diligence in pursuing her ineffective assistance of counsel claim. *See Cekic v. INS*, 435 F.3d 167, 170-71 (2d Cir. 2006) (requiring alien to demonstrate due diligence independent from requirement of establishing ineffective assistance of counsel). Indeed, Li provides no explanation for having waited two years to file her motion to reopen after purportedly first learning of the BIA's order of removal in 2007. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008) (stating that alien must demonstrate due diligence during "period of discovering counsel's ineffectiveness" and "period between such discovery and filing" of motion to reopen). Accordingly, the BIA did not abuse its discretion in denying Li's motion as untimely, and this portion of the petition for review is therefore denied.

To the extent Li urges that the BIA erred in declining *sua sponte* to reopen her removal proceedings, we lack jurisdiction to consider this "entirely discretionary" decision. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.

2006). Nevertheless, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," remand for "reconsideration in view of the correct law is appropriate." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). Li here urges that the BIA declined *sua sponte* to reopen her removal proceedings because it erroneously determined that she was statutorily barred from adjusting status for failure to comply with the agency's voluntary departure order. Li's argument is without merit.

An alien who fails to depart within a specified voluntary departure period "shall be ineligible, for a period of 10 years," for adjustment of status. 8 U.S.C. § 1229c(d); *see Harjinder Singh v. Gonzales*, 468 F.3d 135, 139 (2d Cir. 2006). Because Li did not voluntarily depart within the specified period, the BIA did not err in concluding that she is statutorily ineligible for adjustment of status.

*Dada v. Mukasey*, 554 U.S. 1 (2008), relied upon by Li, does not mandate a different result. In that case, the Supreme Court held that "to safeguard the right to pursue a motion to reopen . . . [an] alien must be permitted to withdraw, unilaterally, a voluntary departure request before

4

expiration of the departure period." *Id.* at 21. This holding is of no help to Li, who never sought to withdraw her voluntary departure request. Contrary to Li's contention, nothing in *Dada* suggests that her appeal to the BIA automatically effectuated such a withdrawal.

Moreover, the agency's new voluntary departure regulations, which automatically terminate a grant of voluntary departure when an alien files a motion to reopen or reconsider *prior* to the expiration of the voluntary departure period, *see* 8 C.F.R. § 1240.26(e)(1), are irrelevant here because they apply only to cases in which voluntary departure was granted or reinstated on or after January 20, 2009, *see* Voluntary Departure: Effect of a Motion to Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927, 76,936 (Dec. 18, 2008). In any event, these regulations do not apply to Li because she filed her motion to reopen *after* the expiration of her voluntary departure period. *See* 8 C.F.R. § 1240.26(e)(2). Accordingly, Li has not demonstrated that the BIA's decision declining to *sua sponte* reopen her proceedings was based on a misperception of the law requiring remand, and the petition for review is dismissed for lack of jurisdiction to the extent it challenges that decision. *See* *Mahmood*, 570 F.3d at 469.

5

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk